# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS PLAYER,<br><br>     Plaintiff,<br><br>vs.<br><br><br><br>G. SALAS; K.W. PRUNTY; B.L. REED;<br>J.W. DAVIS; and DOES 1-10, inclusive,<br><br>     Defendants. | CASE NO. 04cv1761-LAB (WMc)<br><br>**ORDER**<br><br>**1) ADOPTING REPORT AND RECOMMENDATION AS MODIFIED, AND**<br><br>**2) GRANTING IN PART REQUEST FOR JUDICIAL NOTICE; AND**<br><br>**ORDER TO SHOW CAUSE**<br><br>[Dkt. Nos. 57, 59, and 73] |

On August 31, 2004, Plaintiff filed his complaint, which he amended on December 14, 2004. Plaintiff seeks relief under 42 U.S.C. § 1983 for alleged Constitutional violations. Plaintiff alleges Defendants retaliated against him for exercising his First Amendment rights, namely filing a grievance on June 21, 1995 concerning the retaliatory transfer of more than forty African-American inmates. He argues the retaliation consisted of segregated confinement in administrative segregation ("Ad Seg") and segregated housing ("COR-SHU") and submission of a false Rules Violation Report ("RVR") that resulted in loss of good-time credits.

On August 18, 2006, Defendants Salas and Davis moved for dismissal; Defendant Prunty moved for judgment on the pleadings; and all Defendants moved to strike punitive damages claims.

At the same time, Defendants requested the Court take judicial notice of certain documents. These matters were referred to Magistrate Judge William McCurine for report and recommendation, in accordance with 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3. On November 8, 2006, Magistrate Judge McCurine issued his report and recommendation (the "R&R"). The R&R recommended that the motions to dismiss and for judgment on the pleadings be granted in part and denied in part; that the motion to strike be granted as to punitive damages claims against Defendants Davis and Prunty but denied as to Defendant Salas; and that Defendants' request for judicial notice be granted in part and denied in part.

Both Plaintiff and Defendants filed objections to the R&R. Defendants submitted an additional request for judicial notice in support of their objections.

## I. Legal Standards

The district court has jurisdiction to review the Magistrate Judge's report and recommendation concerning a dispositive pretrial motion. Fed. R. Civ. P. 72(b). "The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Thus, the district court judge reviews those parts of the report and recommendation to which a party has filed a written objection. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Allegations asserted by pro se petitioners, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Thus, where a plaintiff appears in pro per in a civil rights case, the court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) Although the Court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

///

To state a claim under § 1983, Plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

Judgment on the pleadings under Fed. R. Civ. P. 12(c) is proper when, taking all the allegations in the pleadings as true and construed in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law. *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 360 (9th Cir. 2005). Similarly, when ruling on a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations of fact in the complaint as true and construes them in the light most favorable to the nonmoving party. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citations omitted). However, the Court is not require to accept mere conclusory allegations nor does the Court necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Id*. The Court may consider allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citations omitted). In addition, the Court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned. *Id.*

Judicial notice is governed by Fed. R. Evid. 201, which permits the Court to notice facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

**II.   Discussion**

Neither party has objected to the R&R's findings of fact. Therefore, the Court **ADOPTS** them.

The FAC purports to sue all Defendants in both their official and individual capacities for both damages and injunctive relief. The R&R recommended granting Defendants' motions to dismiss claims for damages against them in their official capacity, on the basis of Eleventh Amendment immunity. No party objected to this recommendation. For reasons given in the R&R, the Court will grant this motion in order to clarify that, to the extent Plaintiff seeks damages, he is suing Defendants only in their individual capacities.

### A. Plaintiff's Objections

Plaintiff objects to four recommendations: the recommendation to dismiss his retaliation claim, the recommendation to dismiss his claim for confinement in Ad Seg and COR-SHU, the recommendation to dismiss his claim for loss of good-time credits following submission of the allegedly false RVR, and the recommendation to strike punitive damages claims. He also generally objects to "any and all recommendations to dismiss and/or strike any claims against defendants Salas, Davis and Prunty." (P's Obj. at 3, ¶ 5.) While the first four objections contain some specifics, the fifth objection is a blanket, generalized objection to the entire R&R, not a "specific" objection as required by Rule 72(b), and does not require de novo review. *See Haley v. Stewart*, 2006 WL 1980649, slip op. at *2 (D.Ariz. 2006) (on the basis of its analysis of U.S. Courts of Appeals precedents, deeming a general objection to an entire report and recommendation ineffective).

#### 1. Objection: Plaintiff's Retaliation Claim Should Not Be Dismissed

Plaintiff gives several specific reasons for this objection. He argues he effectively alleged Defendant Davis "knew or should have known" the RVR was false. (P's Obj. at 1.) The Court has reviewed the amended complaint ("FAC"), and finds that while Plaintiff alleged Defendant Salas knew the RVR was false, there is no allegation Defendant Davis knew it was false. The allegations relate specifically to what Defendant Salas knew. (FAC at 3.) At most, Plaintiff alleges facts at the facility where he was held would have shown the RVR was false. (*Id.*) The inference that Defendant Davis <u>could have learned the truth</u> can reasonably be drawn from these allegations. However, Plaintiff has not alleged facts showing Defendant Davis acted in retaliation when he accepted the RVR as true at a prison disciplinary hearing. (*Id.* at 4.) Even accepting Plaintiff's allegation at face value, the mere fact that Defendant Davis "should have known" the RVR was false shows negligence, not a retaliatory motive.

Plaintiff makes only a generalized objection to the R&R's recommendation to dismiss the retaliation claim against Defendant Prunty. (FAC at 1 (contending the FAC did allege personal involvement by Defendant Prunty).) The Court has reviewed the FAC and finds only that Plaintiff told Defendant Prunty the RVR was false. This bare allegation is insufficient to show Defendant Prunty retaliated against Plaintiff. Furthermore, the allegations show others, not Defendant Prunty, were

involved in issuing the RVR and holding hearings on disciplinary charges against Plaintiff. The allegations indicate Defendant Prunty acted based on the findings of others in setting Plaintiff's punishment. (FAC at 4–5.) Plaintiff contends he has alleged "personal involvement by defendants Prunty and Davis," but mere involvement is not sufficient. At most, the allegations support a finding that Defendant Prunty was negligent in not investigating Plaintiff's contentions. Because the allegations make evident Defendant Prunty was not involved in the events Plaintiff contends constituted retaliation, this claim will be dismissed against Defendant Prunty with prejudice.

The Court therefore **OVERRULES** this objection.

### 2. Objection: Plaintiff's Due Process Claim for Segregated Confinement Should Not Be Dismissed

Plaintiff's sole basis for this objection is his contention that he has a liberty interest in not being subject to segregated confinement. He cites Cal. Pen. Code §§ 141, 147, *Toussaint v. McCarthy*, 801 F.2d 1080 (9th Cir. 1986), and *Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff correctly notes that *Toussaint* held that California law creates a liberty interest in freedom from administrative segregation. 801 F.2d at 1098. However, *Toussaint* was modified by *Sandin*, which held "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." 515 U.S. at 486. Plaintiff adds that his confinement for 288 days "exceeds any discretionary confinement in both duration and degree of restriction . . . ." (P's Obj. at 2.)

Plaintiff has not, however, alleged facts showing his segregated confinement was more restrictive than the sentence imposed on him, or was an atypical and signficant hardship in relation to the ordinary incidents of prison life. *Tunstall v. Beck*, 65 F.3d 176 (9th Cir. 1995) (citing *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)) (holding prisoner did not state due process claim for confinement in Ad Seg, where conditions and degree of confinement were within the sentence imposed). The recitations in the FAC that Plaintiff's segregated confinement was "an a[]typical and significant hardship" are merely conclusory. (Fac. at 4.)

Plaintiff's due process claim is based on allegations the disciplinary proceedings were flawed because findings were based on falsified evidence. Plaintiff does not cite, nor has the Court been able

to find, any law or regulations forbidding the segregated confinement of a prisoner for 288 days. While Plaintiff may bring a retaliation claim, he cannot bring a due process claim for segregated confinement on these facts. *Austin v. Terhune*, 367 F.3d 1167, 1170 (9th Cir. 2004) (holding that, while *Sandin* may have effectively eliminated due process claims for confinement in Ad Seg even for California state prisoners, claims for retaliation for filing a prison grievance survived *Sandin*).

Therefore, this objection is **OVERRULED**.

### 3. Objection: Plaintiff's Eighth Amendment Claim Should Not Be Dismissed

Plaintiff raised two claims the R&R construed as Eighth Amendment claims: a claim for wrongful segregated confinement, and a claim in connection with an attack by fellow inmates that occurred in 1995. Plaintiff's objection focuses on the former only.

The R&R recommended dismissing this claim because Plaintiff had not alleged anything more than the inconvenience and discomfort of segregated confinement. (R&R at 13:3–5.) The sole basis for Plaintiff's objection is that, had he not discovered exculpatory evidence, he would not have prevailed on appeal on the disciplinary charges against him.

Accepting this objection as true, Plaintiff is pointing out Defendants deserve no credit from his release from Ad Seg following his successful appeal. Even if the Court were to sustain this objection, however, it would not affect the validity of the R&R's recommendation, because causation is an element of an Eighth Amendmnet § 1983 claim. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (emphasizing causation as an element of a § 1983 claim). Merely putting Plaintiff in danger of a deprivation of Constitutional rights will not suffice. *Id.*

Plaintiff raises no further objections. This objection is therefore **OVERRULED**.

### 4. Objection: Punitive Damages Claims Should Not Be Stricken

The R&R recommended striking the punitive damages claims against Defendants Davis and Prunty because Plaintiff had not alleged these Defendants acted recklessly or with indifference to his federally protected rights. The sole basis for this objection is the allegation that "these defendants knowingly and therefore callously contributed to the harms and constitutional violations asserted in the FAC." This objection is unsupported by any reference to the FAC.

/ / /

The only references in the FAC to what Defendant Prunty knew was in relationship to this *respondeat superior* claim, and a claim in connection with an attack by fellow inmates in 1995. The R&R recommended dismissing these claims, and Plaintiff has not objected to these recommendations.

The FAC conclusorily states in its "Defendants" section that Defendant Davis "acted to confirm and bestow punishment on him in retaliation for plaintiff['s] use of the grievance system." In the body of the allegations, the only allegations against Defendant Davis that implicate this Defendant's knowledge or recklessness relate to his conduct of a disciplinary hearing in connection with the RVR. Plaintiff alleges he presented evidence of his innocence, but that Defendant Davis ignored it and found him guilty anyway. Accepting the allegations as true, Defendant Davis had both the RVR and some evidence in favor of Plaintiff before him. The fact that Defendant Davis accepted the RVR as true necessarily meant he did not accept the exculpatory evidence. Plaintiff has not, however, alleged facts showing Defendant Davis knew the RVR was false, or was reckless in not knowing this.

The sole allegation of a knowing violation is against Defendant Salas, who allegedly knew his RVR was false. (FAC at 3.) The R&R recommended denying the motion to strike punitive damages claims against him, however.

For these reasons, this objection is **OVERRULED**.

### B. Defendants' Objections

Defendants present five separate objections, relating respectively to the retaliation claim, the due process claim for loss of good-time credits, the recommendation that they are not entitled to qualified immunity, the conclusion that punitive damages may lie against Defendant Salas, and the recommended partial denial of their request for judicial notice.

### 1. Objection: Plaintiff Cannot State a Claim for Retaliation Because His Inmate Appeal Was Not Constitutionally Protected

Plaintiff alleges he was confined in segregated housing because of an inmate appeal he filed on June 21, 1995. The R&R noted that, while Plaintiff's standing to submit the appeal of the treatment of other inmates was questionable, it was nevertheless accepted, and Defendants' challenge eleven years after the fact came too late. (R&R at 8:17–9:19.) They argue submission of the appeal was not

1  Constitutionally-protected conduct within the meaning of *Rhodes v. Robinson*, 408 F.3d 559 (9th Cir.
2  2005). (Ds' Obj. at 2:8–13.) Defendants do not argue Plaintiff's appeal was improper for any other
3  reason.

4      In their moving papers, Defendants cite California regulations to show an inmate such as
5  Plaintiff has no legal right to file an appeal on behalf of other inmates. (Memo of P & A at 8:22–9:8
6  (citing Cal. Code Regs. tit. 15, §§ 3084.1–3084.2)) Even assuming this to be true, however, this has
7  no bearing on First Amendment protection afforded to Plaintiff for his attempts to file the appeal in
8  the first place. "A prison inmate retains those first amendment rights that are not inconsistent with
9  his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell*
10 *v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 2804, 41 L.Ed.2d 495 (1974). Defendants cite no
11 authority, nor is the Court aware of any, holding only meritorious petitions for redress of grievances
12 are afforded First Amendment protection. Under the regulations Defendants cite, an improperly
13 brought appeal can be rejected. The regulations do not purport to strip improperly filed appeals of all
14 First Amendment protections, such as the freedom from retaliation. Taking all allegations in the light
15 most favorable to Plaintiff, Defendants engaged in *ad hoc* retaliation against Plaintiff because of what
16 the appeal said, and not because it violated certain procedural regulations governing the submission
17 of appeals.

18     Defendants have seized on the R&R's mention of evidence:

> There are no allegations, nor is there any admissible evidence, that Plaintiff's inmate grievance form was rejected by Calipatria State Prison for lack of standing[;] therefore Defendants have waived their ability to challenge, 11 years later, Plaintiff's submission of the June 1995 inmate grievance form.

22 (R&R at 8:24–27.) Defendants contend because they could not submit evidence at this stage, the R&R
23 would unfairly prevent them from ever submitting evidence regarding whether Plaintiff in fact
24 submitted an appeal as alleged. While the reference to "admissible evidence" is somewhat confusing,
25 the Court understands it to be a reference to the appeal itself, together with any associated writings
26 explaining whether it was accepted or rejected. (See Memo of P & A in Supp. of Ds' Mot., at 8:9–12
27 (". . . Plaintiff does not attach this inmate appeal to his FAC . . . .") *See also Swartz*, 476 F.3d at 763
28 (holding that, in ruling on a motion to dismiss, the Court may consider writings referenced in the FAC

but not explicitly incorporated therein, if their authenticity is unquestioned). The Court understands the R&R to be referring to this appeal.

Because this reference is somewhat misleading, the Court **SUSTAINS** this objection, but only insofar as the R&R refers to evidence. At this stage, the Court must assume the allegations are true. As the R&R makes clear, the pleadings are adequate to support a retaliation claim. Defendants have submitted evidence in the form of a declaration, in the interest of preserving their right to present it. The Court will not consider additional evidence at this time, but Defendants are not foreclosed from presenting admissible evidence on this issue later in the proceedings.

Defendants have added an indirectly related argument concerning the sufficiency of the allegations to show Defendant Salas knew the RVR was false. The Court considers this more directly related to Defendants' fourth objection, and therefore addresses it below.

### 2. Objection: Because Plaintiff's Good-Time Credits Have Been Restored, He Cannot State a Due Process Claim for Their Loss

Defendants have submitted with their request for judicial notice an order of the California Court of Appeals ordering Plaintiff's 150 days of lost good-time credits restored. Defendants have also requested judicial notice of an order issued after submission of their objections.

However, Defendants did not raise this issue in their moving papers, although they could have done so. They argued, rather, that Plaintiff lacked a liberty interest in good-time credits. (Memo of P & A at 15:3–8.) Bearing in mind the recent order correcting an error in calculating Plaintiff's credits, the Court is concerned Plaintiff may wish to oppose this request. The Court therefore considers the issue waived as to this motion and not consider this objection at this time. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding that issues not raised in a party's opening brief are waived).

As part of the relief he sought, Plaintiff requested an order enjoining Defendants from violating the prohibition on basing decisions on confidential sources without corroboration or indicia of reliability in violation of Cal. Code. Regs. tit. 15 § 3321. This appears to be a reference to the allegedly false RVR and disciplinary hearing that resulted in Plaintiff's segregated confinement and loss of good-time credits. However, Defendants' representation that all Plaintiff's good-time credits

have been restored to him opens the possibility that these claims are now moot. *See Forest Guardians v. Johanns*, 450 F.3d 455, 461 (9th Cir. 2006) (explaining that a claim is moot where a plaintiff has obtained what he was seeking and the Court's decision would not provide additional effective relief). The Court will therefore, *sua sponte*, address this issue. Mootness is a jurisdictional issue, *Gator.Com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128–29 (9th Cir. 2005), and "federal courts are required sua sponte to examine jurisdictional issues . . . ." *B.C. v. Plumas Unified School Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) (citing *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986).) As set forth in the order below, the Court will require Plaintiff to show cause why this claim should not be dismissed as moot.

### 3. Objection: Because the Retaliation and Due Process Claims Should Not Stand, Defendants Are Entitled to Qualified Immunity

Defendants base this objection on the contention that both the retaliation and due process claims should be dismissed. The retaliation claim against Defendant Prunty will be dismissed with prejudice, and the retaliation claim against Defendant Davis will be dismissed without prejudice. The due process claims against all Defendants for segregated confinement will be dismissed with prejudice. No claims against Defendants for due process violations for loss of good-time credits will be dismissed, however. While Defendants have not mentioned the Eighth Amendment claims, these claims will be dismissed with prejudice as to all Defendants. As to the dismissed claims, no inquiry into qualified immunity is necessary. *Haynie v. County of Los Angeles*, 339 F.3d 1071, 1078 (9th Cir. 2003).

When an officer asserts qualified immunity as a defense to a suit for an alleged violation of a constitutional right, the court first must consider whether the facts alleged, taken in the light most favorable to the party asserting injury, show that the officer's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 200–01 (2001). "[I]f a violation could be made out on a favorable view of the parties submissions, the next, sequential step is to ask whether the right was clearly established." *Id.* at 201.

Due process claims against all Defendants for loss of good-time credits remain, subject to possible dismissal for mootness, as discussed above. This right is "clearly established." *See*

*Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 454 (1985) (holding a finding of guilt at a disciplinary hearing must be based on evidence); *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987) (holding that evidence on which prison disciplinary actions are based must have "some indicia of reliability"). Therefore, Defendants are not entitled to qualified immunity on this claim.

As discussed above, Plaintiff has alleged Defendant Salas falsified the RVR and retaliated against him for filing the appeal. The prohibition against retaliatory punishment is clearly established law in the Ninth Circuit, for qualified immunity purposes. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Therefore, Defendant Salas is not entitled to qualified immunity on this claim.

Therefore, this objection is **OVERRULED**.

### 4. Objection: No Punitive Damages Claim Should Lie Against Defendant Salas

Defendants base this objection on their contentions that the retaliation claim against Defendant Salas should be dismissed, and because the allegations are insufficient to show he acted with any evil motive. (Ds' Obj. at 7:18–21.) The R&R addressed this issue, noting Plaintiff alleged Defendant Salas knowingly falsified the RVR and "knowingly filed a false disciplinary report against plaintiff . . . ." (R&R at 16:14–17.)   These allegations, if proved, are sufficient to show malice. Defendants further contend the only link between Plaintiff's appeal and Defendant Salas' alleged actions is the remark of an unnamed official that Plaintiff was being confined in Ad Seg "to do his own time." However, as the R&R notes, this remark can reasonably be understood to mean Plaintiff was being confined in Ad Seg because he filed appeals on behalf of other inmates. (*See* R&R at 9:11–13.) Plaintiff has alleged Defendant Salas filed his RVR on the same day Plaintiff was escorted to Ad Seg, approximately two months after Plaintiff filed the appeal in question. This is, as the R&R observes, sufficient to support a claim the falsified RVR was a pretext to punish Plaintiff. (R&R at 9:13–19.)

As part of their first objection, Plaintiffs argued the allegations did not show Defendant Salas lacked a legitimate correctional purpose in drafting the RVR because he could not have been aware of information mentioned in the chrono dated April 12, 1996. (Ds' Obj. at 5:22–6:4.) If, however, as Plaintiff has alleged, Defendant Salas "made up" the RVR "from whole cloth[]" in order to exact

///

revenge on Plaintiff, it can reasonably be inferred he either knew of the facts in the chrono, or in some other way was aware that the RVR was false.

This objection is therefore **OVERRULED**.

### 5. Objection: The Court Can and Should Take Judicial Notice of the Chrono

Defendants object to the R&R's recommendation that the Court not take judicial notice of the April 12, 1996 chrono authored by Defendant Prunty. Defendants note Plaintiff has relied on this in the FAC, without providing it to the Court. (*See* FAC at 4 (mentioning the April 12, 1996 chrono "had the effect of discarding the credibility of the confidential source" on which the RVR relied).)

Because this chrono is explicitly mentioned in the FAC but not attached to it, and because its authenticity is not questioned, the Court may consider it when ruling on this motion. *Swartz v*, 476 F.3d at 763. The Court need not judicially notice it. This objection is **OVERRULED AS MOOT**.

Defendants add a request for judicial notice of a July 30, 2004 chrono showing Plaintiff's good-time credits have been restored. The case they cite for the proposition that the Court may as a general matter judicially notice prison records, *McRae v. Hogan*, 576 F.2d 615, 616 n.2 (5th Cir. 1976), however, is not persuasive. That opinion merely stated the order in question was judicially noticeable, not that prison records as a rule were subject to judicial notice. Furthermore, because the Court is not considering this issue at this time, this request is **DENIED**. Defendants may, if they wish, seek judicial notice at that time, if they still consider the chrono to be relevant.

## III. Additional Requests for Judicial Notice

On January 19, 2007, Defendants requested that the Court take judicial notice of an order of the California Court of Appeals, *In re MARCUS PLAYER on Habeas Corpus*, D047042 (Cal.App. 4 Div., Jan. 11, 2007). The Court may take judicial notice of the records of the California Court of Appeals in this separate case. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir.1980). This request is therefore **GRANTED**.

## IV. Conclusion and Order

As discussed above, the Court **SUSTAINS** Defendants' objection to the R&R's recommendation that they are foreclosed from challenging the status of the appeal Plaintiff allegedly

///

submitted. The Court modifies the R&R to provide that Plaintiffs are not foreclosed from offering evidence showing Plaintiff's appeal was never submitted or accepted. All other objections are **OVERRULED**, and the R&R is **ADOPTED AS MODIFIED HEREIN**.

### A.     Rulings on Motions

Therefore, the motion to dismiss Plaintiff's retaliation claim against Defendant Salas is **DENIED**. The motion to dismiss Plaintiff's retaliation claim against Defendant Davis is **GRANTED,** and this claim is hereby **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**. The motion to dismiss Plaintiff's claim against Defendant Prunty is **GRANTED**, and this claim is hereby **DISMISSED WITH PREJUDICE**.

The motion to dismiss based on Eleventh Amendment immunity is **GRANTED** to the extent Plaintiff seeks damages against Defendants in their official capacities.

The motions to dismiss Plaintiff's due process claims against Defendants Salas, Davis, and Prunty for confinement in Ad Seg and COR-SHU are **GRANTED** and these claims are hereby **DISMISSED WITH PREJUDICE**.

The motions to dismiss Plaintiff's due process claims for loss of good-time credits against Defendants Salas, Davis, and Prunty, are **DENIED**.

The motions to dismiss Plaintiff's Eighth Amendment claim against Defendants Salas, Davis, and Prunty for placement in Ad Seg and COR-SHU are hereby **GRANTED**, and these claims are hereby **DISMISSED WITH PREJUDICE**. The motions to dismiss Plaintiff's Eighth Amendment claims against Defendants Salas, Davis, and Prunty for failure to protect are **GRANTED**, and these claims are hereby **DISMISSED WITH PREJUDICE**.

The motions to dismiss based on qualified immunity are hereby **DENIED**.

The motions to strike Plaintiff's prayer for punitive damages is **GRANTED IN PART**. As to the prayer for punitive damages against Defendant Salas, the motion is **DENIED**, but as to the prayer for punitive damages against Defendants Davis and Prunty, the motion is **GRANTED**. The prayers for punitive damages against Defendants Davis and Prunty are hereby **STRICKEN**.

/ / /

/ / /

**B.     Requests for Judicial Notice**

Defendants' request that the Court take judicial notice of Defendants' Exhibit A, the unpublished opinion entitled In re MARCUS PLAYER on Habeas Corpus, is hereby **GRANTED**, although not for the truth of its contents. Defendants' request that the Court take judicial notice of Defendants' Exhibit C, California Code of Regulations sections 3084.1 through 3084.3, is **GRANTED**. Defendants' request that the Court take judicial notice of Defendants' Exhibit B, the chrono dated April 12, 1995, is **DENIED.** As discussed above, however, the Court considered this document in ruling on the motions because it was explicitly referenced in the Complaint and its authenticity was not questioned.

Defendants' additional request, included in their Objections to the R&R, for judicial notice of a July 30, 2004 chrono showing Plaintiff's good-time credits have been restored is **DENIED** at this time. Defendants request for judicial notice, filed January 19, 2007, of an order of the California Court of Appeals, *In re MARCUS PLAYER on Habeas Corpus*, D047042 (Cal.App. 4 Div., Jan. 11, 2007), is **GRANTED**.

**C.     Order to Show Cause**

As discussed above, the Court is concerned that Plaintiff's due process claim for loss of good-time credits may have become moot, with the restoration of these credits. Plaintiff is therefore **ORDERED TO SHOW CAUSE** why this claim should not be dismissed as moot. Plaintiff may do so by filing and serving a memorandum of no more than five pages, not counting any appended material, no later than Friday, April 13, 2007. Defendants may, if they wish, file and serve a response no later than the close of business on Wednesday, April 25, 2007, with the same page limitations. **If Plaintiff fails to show cause as ordered, this claim may be dismissed against all Defendants without further notice to Plaintiff.**

**D.     Leave to Amend**

If Plaintiff wishes to amend his complaint to state a claim for retaliation against Defendant Davis, he may do so by filing and serving a second amended complaint no later than Friday, April 13, 2007. Plaintiff is reminded the second amended complaint must be complete in itself, without reference to any superseded pleading, as provided under Civil Local Rule 15.1. No amendments other

than these are permitted. If Plaintiff submits a second amended complaint containing additional amendments, it may be rejected by the Court.

Because Plaintiff is proceeding *in forma pauperis*, the Court is under a continuing duty to dismiss portions of a complaint that fail to state a claim. 28 U.S.C. § 1915(e)(2). Plaintiff is cautioned that, should the amended portion of the amended complaint still fail to state a claim, it is subject to dismissal by the Court under this provision without leave to amend and without further notice to him.

### E.   Preparation for Pretrial Conference

On calendar for May 7, 2007 is the pretrial conference in this case. The parties are directed to prepare for this conference unless otherwise ordered by the Court.

**IT IS SO ORDERED**.

DATED: March 21, 2007

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge