# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS PLAYER,<br><br>                                    Plaintiff,<br>vs.<br>G. SALAS; K.W. PRUNTY; B.L. REED; J.W. DAVIS; and DOES 1-10, inclusive,<br><br>                                    Defendants. | CASE NO. 04cv1761-LAB (WMc)<br><br>**ORDER DENYING APPLICATION TO RE-TAX COSTS** |

On September 21, 2007, the Court granted Defendants' motion for summary judgment and dismissed the action. On September 27, 2007, Defendants submitted a bill of costs seeking to tax costs of $843.00, and gave notice of a hearing on the taxation of costs on October 17, 2007. On October 18, following the hearing, at which Defendants were represented but Plaintiff did not appear, the Clerk of Court taxed costs. The Clerk's order notes that Plaintiff reportedly did not wish to appear telephonically. On November 19, 2007, Plaintiff attempted to file an *ex parte* application to permit him to file a late motion to re-tax costs, and as part of the same filing argued why he believed costs should be re-taxed. This filing was supported by a declaration. Although the application was submitted after the case was closed, the Court accepted this request (the "Application") by discrepancy order.

Under Civil Local Rule 54.1(h), a review of the Clerk's decision may be taken on a motion to re-tax in accordance with Fed. R. Civ. P. 54(d), which must be filed within five days after receipt

1  of the notice of the Clerk's taxation of costs.

3      Fed. R. Civ. P. 54(d)(1) provides that costs are to be "allowed as of course to the prevailing party unless the court otherwise directs . . . ," that costs may be taxed by the Clerk, and that a motion to re-tax must be served within five days following taxation of costs.

6      In his Application, Plaintiff says he first received the order taxing costs around October 23, 2007 but, because of limitations on his access the law library of the prison in which he is incarcerated, he was not able to read the rules relating to motions to re-tax costs until November 9. Plaintiff argues this constitutes excusable neglect and asks the Court to consider his late request to re-tax costs. Plaintiff does not contest the report in the October 18 order that he voluntarily did not participate in the hearing on the motion to tax costs, nor does he argue the costs taxed are not allowable.

12      The Court finds the substantial delay in filing his motion to re-tax costs is not due to excusable neglect. As a general matter, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff was given timely notice of the hearing on the motion to tax costs, and knew the amount sought. This was his first notice that costs might be taxed. If he believed the amount sought was unreasonable, he had an opportunity to challenge it at the hearing. Because Plaintiff was on notice that costs might be taxed, he could reasonably have begun to research the requirements for challenging taxation of costs as soon as he received the hearing notice in late September or early October, 2007. Plaintiff declares, however, that he first attempted to begin researching this issue after receiving the October 18 order, nearly one month later. In addition, by foregoing his opportunity to participate in the hearing, Plaintiff neglected a possible opportunity to be informed of the rules governing taxation and re-taxation of costs. Plaintiff's request to file a late motion to re-tax costs is therefore **DENIED** as untimely.

24      Even if Plaintiff had timely filed his motion, however, it would have been denied on the merits. Fed. R. Civ. P. 54 creates a presumption in favor of awarding costs, although it also gives the Court discretion not to do so. *Berkla v. Corel Corp.*, 302 F.3d 909, 921 (9th Cir. 2002). Costs need not be waived merely because Plaintiff is indigent, although the Court may waive costs if it finds equitable reasons to do so. *Duvigneaud v. Garcia*, 2007 WL 2009800, slip op. at *1 (S.D.Cal., 2007) (citations

1  omitted); *see also* 28 U.S.C. § 1915(f)(2) (requiring payment of costs by non-prevailing indigent
2  prisoners).

3        Plaintiff declares he has no paid job in the prison where he is held and is dependent on friends
4  and relatives for monetary gifts to buy hygiene items, canteen items, and supplies he needs for
5  correspondence. His declaration does not specify which particular items he needs, nor does he state
6  whether they can be sent by friends and relatives. Plaintiff attaches a copy of his trust account
7  statement showing he began October, 2007 with a balance of $186.78 and ended with a zero balance.
8  Plaintiff believes that if he is required to pay costs, he will not be able to afford the hygiene items,
9  canteen items, and correspondence supplies he believes are necessities. However, 28 U.S.C.
10 § 1915(f)(2)(B) provides for payment of costs by installments as described under § 1915(b)(2). This
11 provides that Plaintiff will not be completely without means to provide for his basic needs. *See*
12 *Duvigneaud v. Garcia*, 2007 WL 2009800, slip op. at *2 (in light of § 1915's provision for installment
13 payments, finding no basis for plaintiff's fear he would not be able to pay for hygiene items and
14 postage unless costs were re-taxed).

16       **IT IS SO ORDERED**.
17 DATED: November 29, 2007

18 
19                               **HONORABLE LARRY ALAN BURNS**
                              United States District Judge